WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Duval Patillo,<br><br>                             Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>                             Defendant. | No. CV-12-00236-TUC-BPV<br><br>**ORDER** |

Plaintiff, Gregory Duval Patillo, filed this action for review of the final decision of the Commissioner for Social Security pursuant to 42 U.S.C. §§ 405(g).  The United States Magistrate Judge presides over this case pursuant to 28 U.S.C. § 636 (c) and Fed.R.Civ.P. 73, having received the written consent of both parties.

Plaintiff suffers from degenerative disc disease of the lumbar spine and obesity. He applied for Disability Insurance Benefits on August 5, 2008, alleging an onset of disability beginning April 19, 2007. (Transcript/Administrative Record ("Tr.") 126-30. The application was denied initially and on reconsideration. Tr. 60, 62. A hearing before an Administrative Law Judge (ALJ) was held on May 25, 2010. Tr. 32-59. The ALJ issued a decision on July 27, 2010, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 20-27. This decision became Defendant's final decision when

the Appeals Council denied review. Tr. 1-5.

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Doc. 1) For reasons that follow, the Court will reverse Defendant's decision and remand for an immediate award of benefits.

## I. STANDARD OF REVIEW

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id*.

## II. DISCUSSION

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he has not worked since the alleged disability onset date, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. *See* 20 C.F.R. §§ 404.1520.

Plaintiff has met his burden. He has not engaged in substantial gainful activity

since the alleged onset date of April 19, 2007, when Plaintiff suffered an industrial back injury. Tr. 22, ¶ 2. He has multiple severe impairments: degenerative disc disease of the lumbar spine and obesity. Tr. 22, ¶ 3. While those impairments do not meet or equal a listed impairment (Tr. 23, ¶ 4), they do preclude Plaintiff from performing his past relevant work as an industrial cook or groundskeeper/maintenance worker (Tr. 26, ¶ 6). At step five, the ALJ concluded that Plaintiff is not disabled because he has the RFC to perform a full range of light work. Tr. 24-27, ¶¶ 5-11.

Plaintiff contends that the ALJ erred by 1) failing to properly evaluate the opinions of Plaintiff's treating physicians; 2) failing to properly evaluate the credibility of Plaintiff; 3) failing to properly evaluate the lay witnesses; and 4) using faulty hypotheticals and failing to consider vocational expert testimony and properly apply the Vocational Guidelines. (Doc. 14) Defendant contends that the ALJ's decision is supported by substantial evidence and the ALJ 1) properly considered medical source opinions under the correct legal standards; 2) reasonably evaluated Plaintiff's subjective complaints of disabling pain under the correct legal standards; 3) reasonably implicitly rejected lay witness testimony; and 4) reasonably relied on the Grids. The Court concludes that the ALJ committed reversible error by failing to give treating physician Dr. Kaplan's opinion controlling weight and improperly discrediting Plaintiff's symptom testimony.

Plaintiff was 50 years old at the time of the ALJ's decision. He has a high school education, and worked for over 25 years, most recently in grounds maintenance and as an

industrial cook. He injured his back at work in April, 2007. Plaintiff has difficulty bending, sitting, walking, and picking things up. Tr. 146. He is in constant back pain, and the pain also radiates from his back to his toes and ankles. *Id*. He has constant muscle spasms. *Id*. He uses a cane to walk, and has fallen down when walking due to loss of balance. *Id*. He is in pain while sitting. *Id*. Plaintiff's medications include hydrocodone/acetaminophen and Oxycontin for pain, Naproxen and sulindac for inflammation, Cyclobenzaprine, a muscle relaxer, and bisacodyl for constipation. Tr. 150, 167. Plaintiff experiences sleepiness, dizziness, constipation, and incoherence as a result of side effects from these medications. Tr. 167.

Plaintiff was treated by Shaun McGuire, D.C., for his back injury in April, 2007, and was diagnosed with lumbar disc displacement without myelopathy, a herniated intervertebral disc with neuritis, sacroiliac strain/sprain, lumbar strain sprain and myofascial pain. Tr. 222. Dr. McGuire referred Plaintiff to Dr. Kaplan as Plaintiff's primary care doctor and an MRI in July, 2007 showed some degree of degenerative disc desiccation and mild disc bulging at L5-S1. Tr. 220. In August, 2007, Dr. Kaplan, Plaintiff's treating physician, noted that Plaintiff's back pain had not improved, and his attempts to work were unsuccessful. Tr. 362-63. Dr. Kaplan recommended that Plaintiff not work for one week. *Id*. The following week Dr. Kaplan noted muscle spasms in his back. Tr. 359-61. Plaintiff began physical therapy the same month. Neurologist Kurt Schroeder, M.D., evaluated Plaintiff at Dr. Kaplan's request, and diagnosed musculotendinous sprain/strain, and rehabilitation, a brace, and anti-inflammatory

medication. (Tr. 225-26).

Dr. Kaplan continued to treat Plaintiff for his back pain for approximately the next three years, through mid-2010. In September 2008, Dr. Kaplan opined that Plaintiff continued to require high doses of maintenance medication to control pain, that he was unable to return to his old employment and was "clearly 100% disabled." Tr. 320-21. In May 2009, Dr. Kaplan opined that Plaintiff has a herniated disc and spinal stenosis that is not repairable, and continues to have chronic lumbar pain related to a degenerative condition. Tr. 391. Dr. Kaplan noted that on multiple exams since his injury he continued to have paravertebral muscle spasm and tenderness to palpation, and at times had radicular pain but negative straight leg raising. Tr. 391. Activity increases his pain, and medication causes cognitive impairment. Tr. 391. Dr. Kaplan noted the following limitations: avoid lifting from the ground and anything over 20 pounds from table heights. No frequent or repetitive lifting. Avoid walking long distances. No climbing ladders or multiple flights of stairs. Change positions frequently. With exacerbations of pain, the need to recline with lumbar support and limitation of activity. Tr. 391. In December 2009, Dr. Kaplan completed a Work Capacity Evaluation stating that Plaintiff was not capable of performing his past work or any work due to chronic pain, depression, and the side effects of medication, and that these restrictions would be permanent. Tr. 301.

The ALJ (Tr. 32) gave no weight to Dr. Kaplan's opinion that the claimant's impairments, as well as the side effects of his medications, rendered him unable to work.

The ALJ stated that "[a]lthough Doctor Kaplan noted that the claimant exhibited objective findings on examination, including palpable spasm in the lumbar musculature, Doctor Kaplan's opinion regarding the claimant's limitations is simply not supported by the minimal findings of the diagnostic studies. Doctor Kaplan's opinion is not supported by the MRIs which the claimant has undergone. In the absence of objective medical evidence of record to support his opinion, the [ALJ] finds that his opinion is entitled to no weight." Tr. 26

As Plaintiff's treating physician, Dr. Kaplan is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). Thus, his medical opinion regarding the severity of Plaintiff's impairments is entitled to "special weight," and if the ALJ chooses to disregard it, he must, "set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)); *see Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725. Plaintiff argues that the ALJ has not met her burden. The Court agrees.

Even though an ALJ reviews all of the medical evidence, the ALJ errs by concluding only that the opinions of disability in the record are unsupported by sufficient objective findings. *See Embrey,* 849 F.2d at 421 (To say that medical opinions are not

- 6 -

supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required…) "The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations. Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Id.*

The ALJ's finding is entirely deficient of the requisite specificity. Here, the ALJ does not give sufficiently specific reasons for rejecting the conclusion of Dr. Kaplan, Plaintiff's treating physician, that Plaintiff was incapable of all work and was "disabled" (Tr. 26, *see* Tr. 301, 318, 320-21). Nor does the ALJ explain why she disagrees with Dr. Kaplan's conclusion that Plaintiff's restrictions are permanent (Tr. 301), or give reasons for rejecting Dr. Kaplan's detailed assessment of Plaintiff's capacity for sitting, walking, standing, reaching, twisting, bending, and operating motor vehicles, and Dr. Kaplan's opinion that Plaintiff's medications "render him a risk to himself and others operating heavy equipment," that Plaintiff "does have objective findings today and always has had them. Palpable spasm is present in the lumbar musculature." Tr. 318. Instead, she merely states that, despite objective findings on examination, including palpable spasm in the lumbar musculature, Doctor Kaplan's opinion regarding Plaintiff's limitations is not supported by the MRIs which the Plaintiff has undergone, and in the absence of objective medical evidence of record to support his opinion, the ALJ found that his opinion is

entitled to no weight.[1] Tr. 26. This approach is inadequate. It is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings. *See Cotton*, 799 F.2d at 1408. The ALJ failed to do so here. To properly reject Dr. Kaplan's opinions about Plaintiff's pain and work-related abilities, the ALJ must set forth her own "interpretations and explain why they, rather than [the treating physician's], are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ has failed to provide the requisite "detailed, reasoned, and legitimate rationales for disregarding [Dr. Kaplan's] findings." *Embrey*, 849 F.2d at 422. Her rejection of his opinions was clearly erroneous.

Finally, the ALJ's decision to give the Plaintiff's testimony no weight is erroneous. The ALJ gave the Plaintiff's testimony "no weight" because the Plaintiff's alleged limitations were "not supported by the objective record," "including the results of two MRIs of the claimant's spine." Tr. 26. This finding is in error. "Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not

---

[1] The Commissioner argues that the ALJ "reasonably found that Dr. Kaplan's opinions were unsupported by his own objective findings on examination. (Doc. 15, at 11)The Commissioner is incorrect, however, in stating that the ALJ found Dr. Kaplan's opinions unsupported by his own objective findings. The ALJ made no such finding. Additionally, the Commissioner argues that Dr. Kaplan offered many differing opinions regarding Plaintiff's ability to perform work. (Doc. 15, at 11) "If the Commissioner's contention invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying benefits originally, then we must decline." *Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)(citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)); *Accord Varney v. Sec'y Health & Human Serv.* (*Varney II*), 859 F.2d 1396, 1399 (9th Cir. 1988) ("there may exist valid grounds on which to discredit a claimant's pain testimony.... But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.") (internal quotes and citation omitted).

discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." (internal quotation marks and citation omitted)). When assessing a claimant's symptoms, the ALJ should consider, in addition to objective medical evidence, his daily activities; the location, intensity, frequency and duration of the symptom; factors that trigger or exacerbate the symptom; the effectiveness of any medication to alleviate the symptom and any side effects; treatment the claimant receives for relief of the symptom; any steps other than treatment used to relieve the symptom (such as lying down or changing position); and any other factors relevant to claimant's limitations due to the symptom. 20 C.F.R. § 404.1529(c)(3); SSR 96–7p. In assessing credibility the ALJ can also consider the claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) (citing *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)). The ALJ's credibility finding is entirely deficient of the requisite specificity; she did not clearly articulate what symptoms she evaluated and found not entirely credible nor which evidence she relied on to discount specific symptoms. *See* SSR 96–7p ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.")

The decision to remand for further development of the record or for an award of benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that an action should be remanded for an award of benefits where the ALJ has failed to provide legally sufficient reasons for rejecting evidence, no outstanding issue remains that must be resolved before determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g., Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

After applying the credit-as-true rule to improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The impartial vocational expert testified that the pain and functional limitations found by Dr. Kaplan, if adopted, would preclude sustained work. Tr. 57-58. Because it is clear that the ALJ would be required to find Plaintiff disabled, *see Benecke v. Barnhart*, 379 F.3d 587, 593-95 (9th Cir. 2004), the Court will remand the case for an award of benefits. *See Orn,* 495 F.3d at 640 (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted). Given this ruling, the Court need not address Plaintiff's arguments that the ALJ failed to properly evaluate his credibility and lay witness testimony, and erred in application of the Grids.

Defendant claims that a remand for further development of the record is in order. Plaintiff applied for disability benefits more than four years ago. He has been denied at

the initial, reconsideration, hearing, and appellate levels of the administration. Plaintiff specifically argued before the Appeals Council that that ALJ had erroneously rejected the opinions of Dr. Kaplan (Tr. 10-16), but his request for review was denied (Tr. 1-3). A remand for further proceedings is not warranted. Accordingly,

IT IS ORDERED:

1. Defendant's decision denying benefits is reversed.

2. The case is remanded to Defendant for an award of benefits.

3. The Clerk is directed to enter judgment accordingly.

Dated this 26th day of November, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge